THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Craig S. Golen and Erin M. Golen, | ) | Chapter 13 |
| | ) | Case No. 19-24844-CMB |
| Debtors. | ) | |
| | ) | |
| Craig S. Golen and, | ) | Related to Doc. Nos. 34 |
| Erin M. Golen | ) | |
| | ) | Hearing Date and Time: |
| Movants, | ) | April 15, 2020, 10:00 a.m. |
| | ) | |
| v. | ) | Responses Due: March 30, 2020 |
| | ) | |
| | ) | |
| NPA Associates LLC, | ) | |
| | ) | |
| Respondent. | ) | |

**CREDITOR NPA ASSOCIATES LLC'S RESPONSE IN OPPOSITION TO DEBTORS' MOTION TO CONVERT CHAPTER 13 CASE TO A CHAPTER 11 CASE**

Creditor NPA Associates LLC ("NPA"), by and through its undersigned counsel, hereby files its Opposition in Response to Debtors' Motion to Convert Chapter 13 Case to a Chapter 11 Case (the "Motion") filed by the above-captioned debtors ("Debtors") at Docket No. 34 and states as follows:

**I.     Introduction and Factual Background**

1.     The Debtors commenced this chapter 13 bankruptcy case on December 19, 2019 (the "Petition Date").

2.     The Debtors never had any basis to file this case under chapter 13 of the United States Bankruptcy Code.

3.     Debtors and their counsel were aware of NPA's final state court judgment in excess of $900,000 months in advance of the filing of this case.

1

4. Given the value of the Debtors' real estate which secures NPA's claim in part, it was abundantly clear that the Debtors would miss the 11 U.S.C. § 109 unsecured debt limit by a mile.

5. As set forth in NPA's *Motion to Dismiss Chapter 13 Case* (Docket No. 29) (the "Motion to Dismiss"), which is hereby fully incorporated by reference, it is NPA's position that this case should be dismissed rather than converted.

6. The Debtors can then refile under chapter 11 if they so choose.

7. Chapter 13 is not intended to be a "stop-gap" measure to provide a less costly months-long automatic stay until creditors force the filing parties' case into the appropriate chapter of the Bankruptcy Code.

8. Cases, such as this one, which are clearly filed under an improper chapter of the Bankruptcy Code should be dismissed for cause and for lack of good faith, as set forth in the Motion to Dismiss.

WHEREFORE, NPA respectfully requests that the Court enter an order denying the Debtors' request to convert this case to a case under chapter 11 of the Bankruptcy Code and, rather, enter an order dismissing the Debtors' Chapter 13 case for cause including on the grounds of bad faith as set forth in the Motion to Dismiss, and for all other relief this Court deems just and proper.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated:  March 30, 2020          By: /s/ Tyler S. Dischinger
                                Tyler S. Dischinger (PA I.D. No. 314299)
                                Union Trust Building
                                501 Grant Street, Suite 200
                                Pittsburgh, Pennsylvania 15219
                                Tel: (412) 562-8800
                                Fax: (412) 562-1041
                                *Attorneys for NPA Associates LLC*