**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE:  Craig S. Golen, and | : | Bankruptcy No. 19-24844-CMB |
| Erin M. Golen, | : | |
| | : | Chapter 13 |
| Debtors. | : | |
| | : | Document No.: |
| _____ | : | |
| NPA Associates LLC, | : | |
| | : | Rel Doc. 29, 34 |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| Craig S. Golen, Erin M. Golen, and | : | |
| Ronda J. Winnecour, Trustee | : | |
| | : | |
| Respondents. | : | |

## DEBTORS' MEMORANDUM

AND NOW come the Debtors, Craig S. Golen and Erin M. Golen ("Debtors"), by and through their Counsel, Brian C. Thompson, Esquire and Thompson Law Group, P.C., and file the following Memorandum in Support of Motion to Convert and represents as follows:

The Debtors filed the above captioned case on December 19, 2019 as an emergency petition.

Said case was filed in response to creditor NPA Associates LLC (herein referred to as "NPA")

garnishment of the Debtor's bank accounts as well as the bank accounts of their adult children.

Notice was immediately sent to counsel for NPA of the filing.  Despite the filing, NPA did not

terminate the garnishment until January 6, 2020 upon threat of an action for violation of the

automatic stay.  The disarray created by the garnishment and the need for an emergency petition

made it difficult for the Debtors to complete the petition.  The schedules were finally completed on

January 27, 2020.  At the time the petition was completed and plan was filed, counsel for the

Debtors considered the NPA claim to be potentially disputed and subject to an eventual objection.

Counsel for the debtors and NPA were in communication in February 2020 and discussed options

for treatment of the NPA claim.  Ultimately those negotiations were not successful. The motion to

dismiss was filed on February 20, 2020 and the debtors' response filed on March 9, 2020.  The

motion to convert was filed on March 11, 2020.

NPA's claim is the result of a failure of a business in which Mr. Golen was a minority owner.

The note held by Citizens Bank underlies NPA's claim was guaranteed personally by Mr. and Mrs.

Golen as well as the majority owner and his spouse.  The majority owner and spouse filed a personal

chapter 7 in 2017 and neither Citizens nor NPA filed a proof of claim therein.  Mr. Golen worked

with Citizens Bank to liquidate the assets of the business which were unfortunately not sufficient to

satisfy the outstanding balance.  While no agreement was ever entered, Citizens did not pursue Mr.

Golen and did not seek to collect the balance of the loan from him.  Eventually, the debt was sold to

NPA, and the above mentioned collection activities began, leading to this filing.

NPA currently seeks dismissal of this case for purely tactical reasons.  The judgment which

NPA seeks to enforce was originally entered in Allegheny County on August 14, 2019 and recorded

in Butler County, where the Debtors' residence is located, on October 21, 2019.  As a result, the

judgement is susceptible to an avoidance action as it clearly falls within the 90 day window

contemplated by 11 U.S.C. §547(b).  It is telling that NPA, in its' objection to the motion to convert,

acknowledges that the Debtors can refile a chapter 11 if they so choose.  The only reason to seek to

impose such a burden on the Debtors, aside from the financially punitive measure of incurring a

separate filing fee for the case, is to insulate NPA from the preference action.

The Debtors filed the instant case in good faith and under severe economic distress.  Despite

good faith efforts to resolve treatment of NPA's claim, they were unable to do so and in a timely

acknowledgement of that reality filed a motion to convert just over a month after the completion of

the schedules.  Contrary to the assertion that they ignored the claim, the Debtors listed NPA on the

petition and categorized the debt as disputed.  Ultimately, the Debtors came to believe that even a

successful objection to the claim would not be sufficient to satisfy the debt limits placed on chapter

13 cases and sought to convert the case and to proceed under chapter 11.  The Debtors wish to

reorganize under the auspices of chapter 11.  Creditor NPA does not assert that the Debtors are

ineligible to proceed under Chapter 11, only that the instant case should be dismissed and that they

should be compelled to refile.  That position is anathema to the interests of justice and judicial

economy.

       WHEREFORE, Debtors respectfully request that the Court enter an Order denying NPA's
Motion to Dismiss and grant the Debtors Motion to Convert the Case to Chapter 11.


                          Respectfully submitted,


Date: <u>September 9, 2020</u>         By:    /s/ *Brian C. Thompson*
                                 Brian C. Thompson, Esquire
                                 PA I.D. No. 91197
                                 Thompson Law Group, P.C.
                                 125 Warrendale Bayne Road, Suite 200
                                 Warrendale, PA 15086
                                 (724) 799-8404 Telephone
                                 (724) 799-8409 Facsimile
                                 bthompson@thompsonattorney.com