| | |
|---|---|
| IN RE:  Craig S. Golen, and<br>        Erin M. Golen,<br><br>        Debtors.<br>_____<br>NPA Associates LLC,<br><br>        Movant,<br><br>        v.<br><br>Craig S. Golen, Erin M. Golen, and<br>Ronda J. Winnecour, Trustee<br><br>        Respondents. | Bankruptcy No. 19-24844-CMB<br><br>Chapter 13<br><br>Document No.:<br><br>Rel Doc. 58 |

## Joint Submission of Stipulated Facts by
## NPA Associates LLC ("NPA") and Craig and Erin Golen (the "Debtors")

1. NPA mailed to the Debtors a default notice dated February 4, 2019 in connection with obligations that are the basis of the Judgment (defined below).

2. NPA entered a money judgment (the "Judgment") in the amount of $923,997.15, as of June 6, 2019 against the Debtors, jointly and severally, in the Court of Common Pleas of Allegheny County, Pennsylvania on or about August 14, 2019.

3. The obligations giving rise to the Judgment stem from guaranties of a commercial loan.

4. Debtors' counsel called NPA's counsel on September 6, 2019 to discuss the state court action and the options going forward with respect to potentially resolving the Judgment.

5. On September 9, 2019, consistent with the discussion between counsel, NPA's counsel sent to Debtors' counsel an email requesting that (a) the Debtors complete a personal financial statement, a copy of which was attached to the email, and (b) the Debtors to submit copies of their past two years of tax returns.

6. On September 17, 2019, NPA's counsel followed up with the Debtors' counsel to confirm receipt of the September 9, 2019 email and attachment.

7. On September 18, 2019, Debtors' counsel confirmed receipt of the email and confirmed forwarding the relevant information to the Debtors.

8. The Debtors did not interpose a responsive pleading seeking to challenge the Judgment within 30 days of its entry, or at any time thereafter.

9. The Debtors did not submit to NPA the personal financial statement or copies of their tax returns, nor did they respond or re-engage in discussions.

10. On October 21, 2019, NPA transferred the Judgment to Butler County by docketing a certified copy thereof with the Butler County Prothonotary's Office.

11. As a result of the transfer of judgment, the judgment attached as a lien to the Debtors' primary residence situate in Butler County.

12. On December 10, 2019, NPA filed a writ of execution seeking to attach and restrain bank accounts of the Debtors at various Western Pennsylvania financial institutions.

13. The Debtors filed this chapter 13 case on December 19, 2019.

14. The Debtors filed a Suggestion of Bankruptcy in the state court action (in which the Judgment was entered) on December 19, 2019.

15. NPA's counsel, to date, has not received a copy of the Suggestion of Bankruptcy.

16. On Friday, January 3, 2020, Debtors' counsel emailed Mr. Dischinger informing him of the chapter 13 filing and requesting that the restrained bank accounts be resolved in light of the automatic stay.

17. Three business days later, NPA's counsel made a filing to dissolve the writ of execution.

18. At least $600,000 – $700,000 of the $900,000+ Judgment is unsecured based on the information provided in the Debtors' chapter 13 petition and schedules.

19. The Debtors indicated on the face of their chapter 13 petition that their liabilities were estimated in the range of $100,001 - $500,000.

20. The Debtors' schedules list the Judgment as "disputed" and "unknown" in amount.

21. The Debtors' schedules do not list NPA as a secured creditor.

22. In connection with NPA's efforts to identify and restrain bank accounts of the Debtors, PNC Bank, N.A. responded that it held property of the Debtors in the form of funds in bank accounts held at PNC Bank, N.A., including at least $18,129.73 of deposits and a safe deposit box that are property of one or more of the Debtors (the "PNC Accounts").

23. With respect to the PNC Accounts, the $18,129.73 and the safe deposit box are not disclosed in the Debtors' schedules or in any other filings made by the Debtors in their chapter 13 case.[1]

---

[1] The Debtors assert that any undisclosed amount of the $18,129.73 is held in accounts in the name of the Debtors' adult children for which one of the Debtors remains a named account party merely as carry-over from the time period when the children were minors, and may not constitute property of the Debtors' estate. To the extent

2

24. The PNC Accounts were released from restraint when NPA dissolved its writ.

25. On January 10, 2020, NPA filed a request, pursuant to Rule 4002(b)(4) of the Federal Rules of Bankruptcy Procedure, for copies of the Debtors' tax returns and related responsive information. The requested information was due on or about February 17, 2020 and has not been received to date.

26. The Debtors filed a chapter 13 plan on January 27, 2020.

27. NPA filed its objection to the Debtors' chapter 13 plan on February 17, 2020.

28. NPA filed its proof of claim on February 17, 2020.

29. On February 4, 2020, counsel for the Debtors and counsel for NPA telephonically discussed treatment of NPA's claim.

30. NPA filed its Motion to Dismiss Chapter 13 Case on February 20, 2020.

31. On February 24, 2020, NPA's counsel appeared for the Debtors' Section 341 meeting. The meeting was not held because the Debtors and their counsel did not appear. During the scheduled Section 341 meeting, Debtors' counsel called the office of the Chapter 13 Trustee to indicate that the Debtors would be filing a motion to convert their chapter 13 case to a case under chapter 11 and, as a result, would not be attending the Section 341 meeting.

32. On March 9, 2020, the Debtors filed their response to NPA's Motion to Dismiss.

33. On March 11, 2020, the Debtors filed a Motion to Convert Chapter 13 Case to a Chapter 11 Case.

[Remainder of page intentionally blank]

---

that such funds may in the future be determined to be property of the Debtors' estate, the Debtors assert that any failure to disclose such accounts in connection with their bankruptcy filing was a good-faith mistake.

Counsel jointly stipulate to the above-referenced facts as undisputed, unless otherwise noted. Counsel agree and consent that oral argument scheduled on October 7, 2020 can proceed without a separate evidentiary hearing.

Respectfully submitted,

**BUCHANAN INGERSOLL & ROONEY PC**

Dated:  October 5, 2020

By: /s/ Tyler S. Dischinger
Tyler S. Dischinger (PA I.D. No. 314299)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, Pennsylvania 15219
Tel: (412) 562-8800
Fax: (412) 562-1041
tyler.dischinger@bipc.com
*Attorneys for NPA Associates LLC*

*-and-*

By: /s/ Brian C. Thompson
Brian C. Thompson (PA I.D. No. 91197)
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, Pennsylvania 15086
Tel: (724) 799-8404
Fax: (724) 799-8409
bthompson@thompsonattorney.com
*Attorneys for Debtors*