# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: Craig S. Golen, and<br>Erin M. Golen, | : | Bankruptcy No. 19-24844-CMB |
| | : | Chapter 13 |
| Debtors. | : | |
| _____ | : | Document No.: |
| NPA Associates LLC, | : | |
| | : | Rel Doc. 58 |
| Movant, | : | |
| v. | : | |
| Craig S. Golen, Erin M. Golen, and<br>Ronda J. Winnecour, Trustee | : | |
| Respondents. | : | |

**DEBTORS' REPLY TO QUESTION REGARDING ABSOLUTE PRIORITY RULE**

AND NOW come the Debtors, Craig S. Golen and Erin M. Golen ("Debtors"), by and through their Counsel, Brian C. Thompson, Esquire and Thompson Law Group, P.C., and file the following Reply and in support thereof do aver:

Creditor NPA Associates raises the issue of whether the absolute priority rule would render conversion of the of the Debtors' case to chapter 11 futile, in light of NPA's opposition and position as the largest unsecured creditor. While the argument made by NPA is persuasive within the traditional chapter 11 context, it would not be applicable in the instant case. The Debtors intend to proceed under the subchapter v provisions of the SBRA. Under the confirmation terms defined under 11 USC §1191(b), the confirmation requirements of 1129(a) are incorporated but specifically exclude paragraphs (8) (10) and (15) which include the absolute priority rule. Instead, the requirement for confirmation imposes a rule that the plan not discriminate unfairly, and that it be fair and equitable. The Debtors believe and aver that such a plan can be drafted and confirmed.

The Debtors aver that they are eligible to proceed under subchapter v. 11 U.S.C. § 101(51D) defines "small business debtor" as "a person engaged in commercial or business activities(including any affiliate of such person that is also a debtor under this title and excluding a person whose primary activity is the business of owning single asset real estate)that has aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $2,725,625 (excluding debts owed to 1 or more affiliates or insiders) not less than 50 percent of which arose from the commercial or business activities of the debtor." Under the stipulated facts underlying this case, the debt herein arose out of the personal guaranty for a commercial loan. The NPA debt is inarguably more than 50% of the debtors' total debt and it does not exceed the $2,725,625 debt limit.

While the SBRA is new law, having only gone into effect in February 2020, there is clear caselaw regarding eligibility of debtors to elect to proceed under subchapter v. The Bankruptcy Court for the District of South Carolina had occasion to consider a case that is nearly factually identical to the instant matter. In *In Re: Wright*, 2020 WL 2193240, the Court in permitted an individual to proceed under subchapter v who had personally guaranteed the debts of a small business that had since ceased operations. (Bankr. D.S.C. Apr. 27, 2020). The Court, in analyzing the SBRA, found that "nothing therein, or in the language of the definition of a small business debtor, limits application to debtors currently engaged in business or commercial activities." (*Id*. p. 4). Further, the court found that the debtor in *Wright* was "engaged in commercial or business activity" as defined by the code by addressing residual business debt. In *In Re Blanchard,* the Bankruptcy Court for the Eastern District of Louisiana had occasion to consider the question of whether the SBRA required a debtor to be currently engaged in business and reached the same conclusion as the *Wright* Court that nothing in the SBRA or in the definition of the a small business

debtor limits application to debtors currently engaged in business. (Bankr. E.D. La. Jul. 16, 2020). The Bankruptcy Court for the Central District of California, Los Angeles Division, In *In Re Bonert*, allowed debtors to alter their election in an existing chapter 11 case to proceed a small business under subchapter v, despite the fact that the business had ceased operations, citing the *Wright* decision. (Bankr. C.D. CA. LAD Jun. 03, 2020). The Debtors in the present case are clearly small business debtors as defined by the code and will proceed as such under subchapter v, if given the opportunity by this Court.

WHEREFORE, Debtors respectfully request that the Court enter an Order denying NPA's Motion to Dismiss Chapter 13 Case, and grant the Debtors' motion to Convert to Chapter 11.

Respectfully submitted,

Date: March 9, 2020            By:    /s/ *Brian C. Thompson*
Brian C. Thompson, Esquire
PA I.D. No. 91197
Thompson Law Group, P.C.
125 Warrendale Bayne Road, Suite 200
Warrendale, PA 15086
(724) 799-8404 Telephone
(724) 799-8409 Facsimile
bthompson@thompsonattorney.com